UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INDIANA STATE COUNCIL OF PLASTERERS & CEMENT MASONS PENSION FUND, | ) ) ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) |
| | ) |
| ASHLEE STEFFENS, KENDRA D. STEFFENS, and BRIAN KINKADE in his capacity as Interim Director of the MISSOURI DEPARTMENT OF SOCIAL SERVICES, | ) ) ) ) |
| | ) |
| Defendant(s). | ) |

Case No. 4:12CV513 JCH

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ashlee Steffens's Motion for Summary Judgment ("Motion for Summary Judgment"), filed on August 9, 2012.  (ECF No. 22).  No response has been filed to the Motion for Summary Judgment, and the time for filing a response has passed. See Local Rule 7-4.01(B) ("A party opposing a motion for summary judgment...shall file a memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion.").

## BACKGROUND

Plaintiff Board of Trustees of the Indiana State Council of Plasterers & Cement Masons Pension Fund ("Plaintiff" or "Trustees") is a fiduciary of the Indiana State Council of Plasterers & Cement Masons Pension Fund ("Fund") under 29 U.S.C. § 1002(21)(A).  (Complaint, ECF No. 1, ¶ 3).  The Fund has been established pursuant to a Trust Agreement entered into between participating employers and participating unions and is administered by Plaintiff pursuant to the terms and provisions of the Trust Agreement establishing the Fund.  (Id., ¶ 4).  The Fund is a defined

contribution plan in which participants have account balances in specific amounts.  (Id., ¶ 9).  Upon the death of a participant who has not yet retired, the participant's surviving spouse shall receive the participant's account balance.  (Id., ¶ 10).  The surviving spouse may elect to receive the account balance as a qualified pre-retirement survivor annuity or an optional benefit in the form of a lump-sum payment of the entire account balance.  (Id.).

Specifically, the Fund is governed by the Restatement of the Indiana State Council of Plasterers and Cement Masons Pension Fund Pension Plan ("the Plan"), which provides the following definitions:

**ARTICLE I - DEFINITIONS**

...

**SECTION 13 - SPOUSE:**

The term "Spouse" shall mean the Participant's legal wife or husband at the time a pre-retirement Death Benefit is first payable or at the time the Participant commences receiving a retirement benefit.  The term "Spouse" shall also mean a former Spouse to the extent provided under a Qualified Domestic Relations Order as described in Section 414(p) of the Code.

...

**SECTION 27 - FIDUCIARY**

The term "Fiduciary" shall mean a person, firm or corporation who:

    A.    Exercises any discretionary authority or discretionary control
          respecting management of this Plan or exercises any authority or
          control respecting management or disposition of its assets; or

    ...

    C.    Has any discretionary authority or discretionary responsibility in the
          administration of this Plan.

(Pension Plan, ECF No. 22-4, pp. 6, 9-10).

The Plan also provides the following benefits:

**ARTICLE VI - DEATH BENEFITS**

**SECTION I - DEATH BENEFITS:**

...[I]f a Participant dies on or before the Earliest Retirement Age, the Participant's Surviving Spouse (if any) will receive the same benefit that would be payable if the Participant had (1) Separated from service on the date of death, (2) Survived to the Earliest Retirement Age, (3) Retired with an immediate Qualified Joint and Survivor Annuity at the Earliest Retirement Age, and (4) Died on the day after the Earliest Retirement Age....

A Surviving Spouse who is entitled to receive a Joint and Survivor Benefit may elect, after the death of the Participant, to receive in lieu of such monthly payments, a lump-sum equal to the total of the Participant's vested Account Balance.

(Id., p. 19).

Finally, the Plan contains the following additional provisions:

**ARTICLE VII - ADMINISTRATION OF THE PLAN**

**SECTION 1 - RESPONSIBILITY FOR ADMINISTRATION:**

The Pension Plan shall be administered by the Trustees, who are Fiduciaries under this Plan, in accordance with the powers granted to them by the Trust Agreement....

...

**SECTION 11 - QUALIFIED DOMESTIC RELATIONS ORDERS:**

The Trustees will make arrangements to comply with orders under state law that are "Qualified Domestic Relations Orders" that direct benefits to be paid to a third party. However, the Plan is not required to comply with such an order unless it meets the statutory standards for a Qualified Domestic Relations Order....

...

(Id., pp. 21, 27).

Benjamin K. Steffens ("Steffens") was a participant in the Fund at the time of his death on February 15, 2012.  (Complaint, ¶ 8; Certification of Death, ECF No. 22-1).  At the time of his death, Steffens had not yet retired.  (Complaint, ¶ 8).  Defendant Ashlee Steffens was married to Steffens

on the date of his death and is entitled to either the qualified pre-retirement survivor annuity or optional benefit. (Id., ¶ 11; Marriage License, ECF No. 22-2).

On March 12, 2012,[1] Defendant Brian Kinkade entered a Domestic Relations Order ("Order") in Case No. 01176155 requiring that Defendant Kendra Steffens receive the sum of $38,544.62 as her share of Steffens's pension benefit in satisfaction of back child support obligations owed by Steffens. (Complaint, ¶ 13; Order to Withhold, ECF No. 1-1, p. 1). According to Plaintiff, the Fund received a copy of the Order on or shortly after March 9, 2012.[2] (Complaint, ¶ 14). On March 14, 2012, Plaintiff sent a letter to Defendant Kendra Steffens stating that the Order did not constitute a Qualified Domestic Relations Order ("QDRO") under the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code, as the Order provided for a type or form of benefit not permitted under the Plan. (Id., ¶ 15).

Specifically, the letter to Defendant Kendra Steffens, which was addressed to her attorney, Allen E. Moss, Jr., stated as follows:

> The Order does not constitute a Qualified Domestic Relations Order under ERISA and the Internal Revenue Code because it provides a type or form of benefit not permitted under the Plan in violation of Section 206(d)(3)(D)(i) of ERISA, 29 U.S.C. § 1056(d)(3)(D)(i) and Internal Revenue Code Section 414(p)(3)(A), 26 U.S.C. § 414 (p)(3)(A)....This conclusion is initially based upon the fact that Benjamin Steffens died on February 15, 2012, at least two weeks prior to the entry of the Domestic Relations Order....
>
> The Annuity Starting Date for a single sum payment of a spousal benefit, of the type contemplated in the Domestic Relations Order, is defined by Section 205(h)(2)(A)(ii) of ERISA, 29 U.S.C. § 1055(H)(1)(A)(ii), as "the first day on which all events have occurred which entitle the participant to such benefit." (Treas. Reg. § 1.401(a), Q & A 10(b)(5) makes clear that the Annuity Starting Date for a death benefit paid in a

---

[1] The Court notes that the Complaint asserts this occurred on March 12, 2011, but assumes Plaintiff meant to state this occurred on March 12, 2012.

[2] The Court notes this date precedes the entry of the Order.

single sum is the date of the Participant's death, January 4, 2012,[3] as that is the date on which all events occurred which would entitle an appropriate "surviving spouse" to payment of a death benefit under the Plan.

In June 2010 the Department of Labor provided pension plans with regulatory guidance concerning cases, like this one, where a Qualified Domestic Relations Order is entered after either a Participant's death or the Annuity Starting Date for benefits paid under a Plan.  Final Rule Relating to Time and Order of Issuance of Domestic Relations Orders, 75 Fed. Reg. 32846 (June 10, 2010) (copy enclosed).   The Department of Labor recognized that there were cases in which a domestic relations order could allocate benefits after the Annuity Starting Date without violating ERISA Section 206(d)(3)(D)(i) and others where it could not.  See Department of Labor Regulation § 2530.206(d)(1), § 2530.206(d)(2), Example (3).  In promulgating the Rule, the Department of Labor specifically made the following observation:

> With regard to the principle, expressed above, that a domestic relations order issued after the annuity starting date does not violate the requirements of section 206(d)(3)(D)(i) merely because the order requires the allocation of some or all of the participant's determined monthly benefit payment to an alternate payee, the Department, based on its review of sections 206 and 205 of ERISA, the case law, and other relevant guidance, is of the view that such principle does not apply to a domestic relations order that is received after the annuity starting date and that requires an allocation to an alternate payee of some or all of the death benefit that, under the form of benefit in effect, is payable to another beneficiary.  An example of this is a plan's receipt of a domestic relations order after the annuity starting date of a QJSA that assigns to the participant's former spouse a shared payment of the participant's current spouse's survivor benefits under the QJSA.

75 Fed. Reg. 32848 (June 10, 2010).

At the time of his death Benjamin Steffens was married to a spouse, Ashlee Miller, who qualified as a surviving spouse under the Plan and who had a right to the same Optional Benefit as is sought to be allocated to Kendra Steffens under the Domestic Relations Order.  The Annuity Starting Date for that benefit was also Mr. Steffens' date of death, February 15, 2012, prior to the date of entry and the Fund's receipt of his Domestic Relations Order.  The Fund construes the Department of Labor's regulatory guidance to require it to determine that this Domestic Relations Order is not a Qualified Domestic Relations Order because it assigns to the Alternate Payee, the Participant's former spouse, after the Annuity Starting Date, a survivor benefit

---

[3]The Court assumes the letter meant to note February 15, 2012, as the date of Steffens's death.

payable to the Participant's current spouse under the terms of the Plan and, thus, violates ERISA Section 206(d)(3)(D)(i) and IRS Section 414(p)(3)(A) by providing a type or form of benefit not permitted under the Plan. The death benefit payable to the Alternate Payee under the Domestic Relations Order could not be paid under the Plan because it would require use of the same funds the Pension Fund is required to utilize to pay the death benefit to the Participant's current spouse and, thus, is not a type or form of benefit permitted under the Plan.

The Pension Fund recognizes that this case involves two competing claims for the same plan benefit which the Pension Fund cannot simultaneously recognize without providing double payment. Therefore, the Fund will file an interpleader action that will issue a binding determination upon the Pension Fund regarding the proper disposition fo the Fund's assets in this matter. No payment of any benefits will be made to either Ashlee Miller or Kendra Steffens until the Court determines the appropriate party to receive the survivor benefit in the interpleader action.

...

(Letter to Allen E. Moss, Jr., from Donald D. Schwartz, ECF No. 1-2, pp. 1-3) (citation omitted).

Plaintiff filed its Complaint for Interpleader and Declaratory Relief in this Court on March 19, 2012, on the basis of subject-matter jurisdiction under 29 U.S.C. § 1132(a)(3). Plaintiff seeks a ruling on interpleader and a declaration of the legal obligations of the Fund with respect to the competing claims of Defendants Ashlee Steffens and Kendra Steffens to the Plan benefits payable after the death of Benjamin Steffans. Defendant Brian Kinkade was dismissed from this action on April 13, 2012. Defendant Kendra Steffens has failed to file an Answer in this action or otherwise respond to Plaintiff's Complaint. As indicated above, Defendant Ashlee Steffens filed the present Motion for Summary Judgment on August 9, 2012.

## STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 247.  The nonmoving party may not rest upon mere allegations or denials of its pleadings.  Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor.  Anderson, 477 U.S. at 255.  The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  Id. at 249.

## DISCUSSION

Defendant Ashlee Steffens argues that she is entitled to the full amount of benefits available under the Plan since the Plan did not provide for payment to Defendant Kendra Steffens.  Thus, Defendant Ashlee Steffens appears to agree with Plaintiff's reasoning as expressed in the March 14, 2012, letter to Defendant Kendra Steffens's attorney.

"Where an ERISA plan gives the administrator discretionary power to...make eligibility determinations, the administrator's decision is reviewed for an abuse of discretion."  Trs. of Electricians' Salary Deferral Plan v. Wright, 688 F.3d 922, 926 (8th Cir. 2012) (quoting Hankins v. Standard Ins. Co., 677 F.3d 830, 834 (8th Cir. 2012)).  "The trustees' choice to file an interpleader

action does not preclude its eligibility determination from being afforded an abuse of discretion review." Id. (citing Alliant Techsystems, Inc. v. Marks, 465 F.3d 864, 868 (8th Cir. 2006)). The Plan provides that Plaintiff Board of Trustees, as a fiduciary, "[e]xercises...discretionary authority or discretionary control respecting management of this Plan...or control respecting management or disposition of its assets" as well as "discretionary authority or discretionary responsibility in the administration of this Plan." (Pension Plan, p. 10). Therefore, the Plan gave Plaintiff discretionary power to make eligibility determinations, and Plaintiff's decision is reviewed for an abuse of discretion.

Upon consideration, the Court cannot say Plaintiff abused its discretion by finding that the Order entered in favor of Defendant Kendra Steffens was not a QDRO and that Defendant Kendra Steffens was not entitled to any benefits under the Plan. Plaintiff noted in its letter to Defendant Kendra Steffens's attorney that a regulatory guideline promulgated by the Department of Labor specifically states that a domestic relations order received after the annuity starting date assigning to a participant's former spouse a shared payment of the participant's current spouse's survivor benefits under a pension plan is not a QDRO. The letter and the guideline note that ERISA provisions, cases, and "relevant guidance" are in agreement with this proposition. See Boggs v. Boggs, 520 U.S. 833 (1997); Hopkins v. AT & T Global Info. Solutions Co., 105 F.3d 153 (4th Cir. 1997); Rivers v. Central & S.W. Corp., 186 F.3d 681 (5th Cir. 1999); Carmona v. Carmona, 548 F. 3d 988 (9th Cir. 2008); 26 C.F.R. § 1.401(a)-20 Q&A-25(b)(3); and 29 C.F.R. § 4022.8(d). The terms of the Plan provide that only a surviving spouse and a former spouse, to the extent the former spouse is seeking to enforce a QDRO, may receive death benefits. (See Pension Plan, pp. 6, 19). Thus, Plaintiff found that the Order seeks a type or form of benefit not permitted by the terms of Plan.

An administrator's decision will be considered reasonable if "a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision."[4] <u>Phillips–Foster v. UNUM Life Ins. Co. of America</u>, 302 F.3d 785, 794 (8th Cir. 2002) (quoting <u>Donaho</u>, 74 F.3d at 899 (abrogated on other grounds)). The administrator's decision need not be the only sensible one so long as the decision provides a reasoned explanation, based on the evidence, in support of a particular outcome.  <u>Id.</u>

In light of the foregoing, the Court finds Plaintiff offered a "reasonable explanation for its decision." <u>Fletcher-Merrit v. NorAm Energy Corp.</u>, 250 F.3d 1174, 1180 (8th Cir. 2001).  Even if another reasonable interpretation exists, the Plaintiff's decision to deny benefits to Defendant Kendra Steffens was not arbitrary and capricious, and this Court "may not simply substitute its opinion for that of the plan administrator."  <u>Id.</u>; <u>see also</u> <u>Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan</u>, 476 F.3d 626, 632 (8th Cir. 2007) (internal quotations and citation omitted) ("[The Plan's] decision is supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  Defendant Ashlee Steffens's Motion for Summary Judgment must therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ashlee Steffens's Motion for Summary Judgment (ECF No. 22) is **GRANTED**.   An appropriate Judgment will accompany this Memorandum and Order.

---

[4]"Abuse of discretion," "arbitrary and capricious," and "reasonable" are synonymous in the context of reviewing a denial of benefits under ERISA.  <u>West v. Aetna Life Ins. Co.</u>, 171 F.Supp.2d 856, 866 n.2 (N.D. Iowa 2001) (citing <u>Donaho v. FMC Corp.</u>, 74 F.3d 894, 898–900 (8th Cir. 1996)).

Dated this   22nd   day of October, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE